Slip Op. 20-55

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JACOBI CARBONS AB AND JACOBI CARBONS, INC., <br><br>　　　　Plaintiffs, <br><br>　and, <br><br>NINGXIA HUAHUI ACTIVATED CARBON CO., LTD., ET AL., <br><br>　　　　Plaintiff-Intervenors, <br><br>　v. <br><br>UNITED STATES, <br><br>　　　　Defendant, <br><br>　and, <br><br>CALGON CARBON CORPORATION AND CABOT NORIT AMERICAS, INC., <br><br>　　　　Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Consol. Court No. 16-00185 |

## OPINION

[The U.S. Department of Commerce's fourth remand results are sustained.]

Dated: April 23, 2020

Daniel L. Porter, James P. Durling, and Tung A. Nguyen, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, DC, for Plaintiffs Jacobi Carbons AB and Jacobi Carbons, Inc.

Lizbeth R. Levison, Brittney R. Powell, and Ronald M. Wisla, Fox Rothschild LLP, of Washington, DC, for Plaintiff-Intervenor Ningxia Huahui Activated Carbon Co., Ltd.

Francis J. Sailer, Andrew T. Schutz, Brandon M. Petelin, and Dharmendra N. Choudhary, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, NY,

for Plaintiff-Intervenors Beijing Pacific Activated Carbon Products Company, Ltd., Ningxia Guanghua Cherishmet Activated Carbon Company, Ltd., and Datong Municipal Yunguang Activated Carbon Company, Ltd.

<u>William E. Perry</u> and <u>Adams Chi-Peng Lee</u>, Harris Bricken McVay Sliwoski, LLP, of Seattle, WA, for Plaintiff-Intervenors M.L. Ball Co., Ltd. and Jilin Bright Future Chemicals Company, Ltd.

<u>Gregory S. Menegaz</u>, <u>Alexandra H. Salzman</u>, <u>J. Kevin Horgan</u>, and <u>John J. Kenkel</u>, DeKieffer & Horgan PLLC, of Washington, DC, for Plaintiff-Intervenors Carbon Activated Corporation, Ningxia Mineral and Chemical Ltd., Shanxi DMD Corporation, Shanxi Industry Technology Trading Co., Ltd., Shanxi Sincere Industrial Co., Ltd., Tianjin Channel Filters Co. Ltd., and Tianjin Maijin Industries Co., Ltd.

<u>Mollie L. Finnan</u>, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. Of counsel was <u>Emma T. Hunter</u>, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

<u>Melissa M. Brewer</u>, <u>R. Alan Luberda</u>, and <u>John M. Herrmann</u>, Kelley Drye & Warren LLP, of Washington, DC, for Defendant-Intervenors Calgon Carbon Corporation and Cabot Norit Americas, Inc.

      Barnett, Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") fourth redetermination upon remand in this case. *See* Final Results of Redetermination Pursuant to Court Remand ("4th Remand Results"), ECF No. 155-1. Plaintiffs Jacobi Carbons AB and Jacobi Carbons, Inc. (together, "Jacobi") and Plaintiff-Intervenors[1] challenged several aspects of Commerce's

---

[1] Plaintiff-Intervenors include Carbon Activated Corporation, Ningxia Mineral and Chemical Limited, Shanxi DMD Corporation, Shanxi Industry Technology Trading Co., Ltd., Shanxi Sincere Industrial Co., Ltd., Tianjin Channel Filters Co., Ltd., and Tianjin Maijin Industries Co., Ltd. (collectively, "CAC"); Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd., Beijing Pacific Activated Carbon Products Co., Ltd., and Datong Municipal Yunguang Activated Carbon Co., Ltd (collectively, "Cherishmet"); Ningxia Huahui Activated Carbon Co., Ltd. ("NXHH"); and M.L. Ball Co., Ltd., and Jilin Bright Future Chemicals Company, Ltd. (together, "M.L. Ball"). The court consolidated cases filed by CAC, Cherishmet, and M.L. Ball under lead Court No. 16-00185, filed by

Consol. Court No. 16-00185                                                                                       Page 3

final results in the eighth administrative review of the antidumping duty order on certain activated carbon from the People's Republic of China ("the PRC").  *See Certain Activated Carbon From the People's Republic of China,* 81 Fed. Reg. 62,088 (Dep't Commerce Sept. 8, 2016) (final results of antidumping duty admin. review; 2014–2015), ECF No. 44-4,[2] and accompanying Issues and Decision Mem., A-570-904 (Aug. 31, 2016), ECF No. 44-5.  The court has issued three opinions resolving substantive issues raised in this case; familiarity with those opinions is presumed.  *See Jacobi Carbons AB v. United States* ("*Jacobi I*"), 42 CIT ___, 313 F. Supp. 3d 1344 (2018); *Jacobi Carbons AB v. United States* ("*Jacobi II*"), 43 CIT ___, 365 F. Supp. 3d 1344 (2019); *Jacobi Carbons AB v. United States* ("*Jacobi III*"), 43 CIT ___, 422 F. Supp. 3d 1318 (2019).

Early in this litigation, the court granted Defendant's request for remand to allow the agency to clarify or reconsider its findings regarding economic comparability and Thailand's status as a significant producer of comparable merchandise based on its export quantity.  *See* Order (June 20, 2017), ECF No. 77.  *Jacobi I* sustained the subsequent remand results with respect to Commerce's economic comparability determination.  313 F. Supp. 3d at 1356.  However, the court remanded the agency's determination that Thailand is a significant producer of comparable merchandise, *id.* at

---

Jacobi.  *See* Order (Nov. 3, 2016), ECF No. 42.  Those parties, along with NXHH, had also intervened in this action.  *See* Order (Oct. 7, 2016), ECF No. 17; Order (Oct. 12, 2016), ECF No. 22; Order (Oct. 20, 2016), ECF No. 36; Order (Oct. 20, 2016), ECF No. 40.

[2] Commerce filed a public administrative record in connection with the 4th Remand Results.  *See* ECF No. 156-2.

1358–59; selection of certain surrogate values, *id.* at 1360–72; and adjustment to U.S. price to account for irrecoverable value added tax ("VAT"), *id.* at 1373.

In *Jacobi II*, the court sustained Commerce's VAT adjustment to U.S. price. 365 F. Supp. 3d at 1360–63.  The court remanded Commerce's selection of Thailand as the primary surrogate country as unsupported by substantial evidence with respect to Commerce's determination that Thailand was a significant producer of comparable merchandise. *Id. at* 1351–53.  The court instructed Commerce to select a country that meets the statutory criteria for a surrogate country (i.e., that is economically comparable to the subject nonmarket economy country and a significant producer of comparable merchandise pursuant to 19 U.S.C. § 1677b(c)(4)), and, for those for inputs that Commerce valued using Thai data, to revisit its selection of surrogate values. *Id*. at 1353.

On remand pursuant to *Jacobi II*, Commerce selected Malaysia as the primary surrogate country. *Jacobi III*, 422 F Supp. 3d at 1321.[3]   However, Commerce determined that Malaysian data for carbonized material were based on an insignificant import quantity, and thus, valued that input using data from the Philippine industry publication *Cocommunity*.[4]  *Id*. at 1323.  The court remanded Commerce's selection of

---

[3] Commerce selected Malaysia as the primary surrogate country under respectful protest. *Jacobi III*, 422 F. Supp. 3d at 1321.  By making the determination under protest, Commerce preserves its right to appeal. *See Meridian Prods. v. United States*, 890 F.3d 1272, 1276 n.3 (Fed. Cir. 2018) (citing *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003)).
[4] In the third remand results, Commerce determined that the Philippines is "at a comparable level of economic development as [the PRC] and [a] significant producer of

Consol. Court No. 16-00185                                                                                              Page 5

surrogate data for carbonized material because the agency's reasoning was not discernable. *Id*. at 1324, 1328.

In the redetermination at issue here, Commerce continued to find the Malaysian data unreliable. 4th Remand Results at 3. Commerce explained that the Malaysian data contain imports from Myanmar. *Id.* at 4. The Myanmar imports represent a small import quantity with "substantially different . . . per-unit values" compared to "larger-quantity imports . . . from other countries that exported to [Malaysia]." *Id.* at 5 (citation omitted). But Commerce could not exclude the Myanmar imports without creating a "null set" of data for carbonized material. *Id*. Further, while the Malaysian import quantity (11 metric tons) could represent a "single shipment of one full transport container," *id.* at 6, the production of subject merchandise requires more than a single shipment of carbonized material, *id.* at 6–7. Thus, Commerce found that the Malaysian data did not represent a "commercial quantity of carbonized material." *Id.* at 7.

Commerce continued to rely on the *Cocommunity* data to value carbonized material. *Id*. at 8. Commerce explained that these data are "representative of a broad market average, publicly available and contemporaneous with the period of review (POR), tax and duty exclusive and specific to carbonized material used in the production of the subject merchandise." *Id.* at 6.

---

comparable merchandise." *Jacobi III*, 422 F. Supp. 3d at 1321. Commerce did not reconsider this finding in the 4th Remand Results.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to subsection 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012), and 28 U.S.C. § 1581(c).

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT ___, ___, 273 F. Supp. 3d 1314, 1317 (2017) (citation and internal quotation marks omitted).

### DISCUSSION

Jacobi submitted comments during the remand proceeding supporting Commerce's draft results, which Commerce confirmed in the 4th Remand Results. 4th Remand Results at 8. Defendant-Intervenors also do not object to the 4th Remand Results. Ltr. from Melissa M. Brewer, Kelley Drye & Warren LLP, to the Court (Apr. 6, 2020), ECF No. 157. No other comments were received. Thus, Commerce's determination is uncontested.

Commerce's valuation of carbonized material complies with the court's order in *Jacobi III* by providing reasoning supported by substantial evidence for declining to rely on the Malaysian data and, instead, selecting the *Cocommunity* data. 4th Remand Results at 3.

## CONCLUSION

There being no challenges to the 4th Remand Results, and those results being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's 4th Remand Results. Judgment will enter accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: April 23, 2020
       New York, New York